FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 09, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUBERT GILMORE, an individual,<br><br>                Plaintiff,<br><br>vs.<br><br>BENTON COUNTY, a Washington political entity,<br><br>                Defendant. | No. 4:25-CV-05011-MKD<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS<br><br>**ECF No. 14** |

      Before the Court is Defendant's 12(c) Motion for Partial Judgment on the Pleadings, which seeks judgment on Plaintiff's race claim under Washington's Law Against Discrimination ("WLAD"). ECF No. 14. The Court has reviewed the motion and record and is fully informed. For the reasons explained below, the Court grants the motion and grants Plaintiff leave to file a First Amended Complaint.

**LEGAL STANDARD**

      "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard

ORDER - 1

1  governing a Rule 12(c) motion for judgment on the pleadings is "functionally
2  identical" to that governing a Rule 12(b)(6) motion to dismiss.  *United States ex*
3  *rel. Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir.
4  2011) (citations omitted).  "A judgment on the pleadings is properly granted when,
5  taking all the allegations in the non-moving party's pleadings as true, the moving
6  party is entitled to judgment as a matter of law."  *United States v. Teng Jiao Zhou*,
7  815 F.3d 639, 642 (9th Cir. 2016) (quoting *Fajardo v. Cnty. of Los Angeles*, 179
8  F.3d 698, 699 (9th Cir. 1999)).

## DISCUSSION

10  Defendant moves under Fed. R. Civ. P. 12(c), seeking dismissal of
11  Plaintiff's race claim under the WLAD.  ECF No. 14 at 2.  Plaintiff, in turn, argues
12  that if his race claim under WLAD is dismissed that this dismissal should be
13  without prejudice with leave to file a motion to amend the Complaint prior to the
14  deadline in the Court's Jury Trial Scheduling Order.  ECF No. 15 at 4.

15  **A. WLAD**

16  Under WLAD, an employee may establish a prima facie case of disparate
17  treatment through the *McDonnell Douglas* burden-shifting test or direct evidence.
18  *Williams v. Bose Corp.*, No. 65713-5-I, 2011 WL 5867053, at *6 (Wash. Ct. App.
19  Nov. 21, 2011).  Under the *McDonnell Douglas* burden-shifting test, a plaintiff
20  must show he: "(1) belongs to a protected class; (2) was treated less favorably in

ORDER - 2

1  the terms or conditions of his employment than a similarly situated, nonprotected

2  employee, and (3) the nonprotected 'comparator' was doing substantially the same

3  work." *Id.* (citing *Domingo v. Boeing Employees' Credit Union*, 98 P.3d 1222,

4  1227 (Wash. Ct. App. 2004)).  Under the direct evidence approach, the employee

5  must provide direct evidence that the defendant "acted with a discriminatory

6  motive and that the discriminatory motivation was a 'significant or substantial

7  factor in an employment decision.'"  *Id.* (quoting *Kastanis v. Educ. Emps. Credit

8  Union*, 859 P.2d 26, 30 (Wash. 1993)).

9      Defendant asserts that Plaintiff fails to allege a prima facie race claim under

10  WLAD.  ECF No. 14 at 3.  Specifically, Defendant asserts that Plaintiff's

11  Complaint does not contain any factual statements "that he is in a protected status

12  as to race, how he was discriminated against based on race, that others outside his

13  protected status were treated more favorably, or any other facts supporting the

14  allegation that his race was a substantial factor in [Defendant's] decision to take

15  adverse action against him."  *Id.* at 3-4.

16      Defendant is correct.  The Complaint does not allege sufficient facts in

17  support of a prima facie race claim under WLAD.  Rather, the Complaint contains

18  only two mentions of race: (1) "WLAD prohibits employers from discriminating

19  against employees on the basis of race or the presence of any physical disability;"

20  and (2) "Defendant discriminated against [Plaintiff] on the basis of race and

ORDER - 3

1  physical disability." ECF No. 1-1 at 5, 6 ¶¶ 40, 44.  Even taking these two

2  allegations as true, Plaintiff has not alleged a prima facie race claim under WLAD.

3  Thus, Defendant is entitled to judgment as a matter of law on the race claim under

4  the WLAD.

5    **B. Leave to Amend**

6      "[A]lthough Rule 12(c) does not mention leave to amend, courts have

7  discretion both to grant a Rule 12(c) motion with leave to amend . . . and to simply

8  grant dismissal of the action instead of entry of judgment." *Lonberg v. City of*

9  *Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted).

10     Plaintiff argues that he should be granted leave to amend up until the

11  November 3, 2025, deadline in the Court's Jury Trial Scheduling Order.  ECF No.

12  15 at 4; *see also* ECF No. 13 at 17.  Defendant, in turn, argues that the Court

13  should not allow Plaintiff until November 3, 2025, to amend.  ECF No. 16 at 2-4.

14     Defendant has not established that it will be unduly prejudiced by the Court

15  granting Plaintiff's request for a leave to amend.  Defendant only objects to the

16  potential delay, which alone is not grounds to deny leave to amend.  *See United*

17  *States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981) (citing *Howey v. United States*,

18  481 F.2d 1187, 1191 (9th Cir. 1973)) ("[D]elay alone no matter how lengthy is an

19  insufficient ground for denial of leave to amend.").  Therefore, the Court grants

20

ORDER - 4

Plaintiff leave to amend his pleadings, but will require Plaintiff to amend his Complained within 90 days from the issuance of this Order.

## CONCLUSION

For the reasons stated above, the Court grants 12(c) Motion for Partial Judgment on the Pleadings. Plaintiffs shall file the First Amended Complaint on or before August 7, 2025, addressing his race claim under WLAD.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's 12(c) Motion for Partial Judgment on the Pleadings, **ECF No. 14,** is **GRANTED**.

2. Plaintiff shall file a First Amended Complaint on or before **August 7, 2025**. Leave to amend is limited to the race claim under WLAD; Plaintiff may not add additional claims, parties, or requests for relief without separate leave of the Court.

**IT IS SO ORDERED.** The District Court Executive is directed to file this order and provide copies to the parties.

DATED May 9, 2025.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 5