BUNDY LAW GROUP, PLLC               HONORABLE MARY K. DIMKE
Elena C. Bundy, WSBA No. 38836
Kristofer J. Bundy, WSBA No. 19840
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021
*Attorneys for Defendant*

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF WASHINGTON

HUBERT GILMORE, an individual,           )
                                         )
                          Plaintiff,     )   No. 4:25-CV-05011-MKD
                                         )
           v.                            )   DEFENDANT'S STATEMENT
                                         )   OF DISPUTED MATERIAL
BENTON COUNTY, a Washington              )   FACTS
political entity,                        )
                                         )
                          Defendant.     )
_____)

1.    No objection.

2.    Defendant disputes Plaintiff's fact that "obtaining and maintaining a reliable internet connection is an ongoing challenge."  While Plaintiff and his wife declare this to be true, Defendant disputes this because the evidence shows that there were no internet connection issues that affected Plaintiff's remote meeting with Mr. Morasch, Plaintiff's lengthy deposition (9:02 a.m.-2:28 p.m.) in this case

DEFENDANT'S STATEMENT OF DISPUTED          Bundy Law Group, PLLC
MATERIAL FACTS - 1                         424 W. Bakerview Rd., Ste. 105 #2054
Case No. 4:25-CV-05011-MKD                 Bellingham, WA 98226
                                           (206) 518-3021

or Kathleen Gilmore's deposition (9:00 a.m.-12:52 p.m.) in this case.  Second Wyant Dec. at ¶10; ECF 35-10 (generally); ECF 36-1 at 5:2, 150:20; ECF 36-3 at 4:2, 114:12.  The remainder of the facts in this paragraph are not material to Plaintiff's motion.

3.    This fact is not material to Plaintiff's motion.

4.    No dispute.

5.    No dispute.

6.    No dispute.

7.    This fact is not material to Plaintiff's motion.

8.    No dispute to the extent "relevant time period" is January 3, 2022 to the present.  To the extent "relevant time period" is prior to January 3, 2022, Defendant disputes.  ECF 34 at ¶ 2.

9.    Defendant does not dispute that Josue B. Reyes, ARNP emailed Mr. Gilmore in February 2022 stating, "Your shoulder MRI results were notable for rotator cuff tear."  ECF No. 36-2.  However, Plaintiff's orthopedist, Dr. Gibbons, indicated in his March 21, 2022 medical records that he "advised [Plaintiff] and his wife that I do not see a rotator cuff tear" and that Plaintiff "was very reassured to know that there is not a rotator cuff tear and I do not recommend surgical intervention."  *See* Second Bundy Dec. at ¶3 (Ex. 35).

10.    No dispute.

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 2
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

11.    No dispute.

12.    No dispute.

13.    No dispute.

14.    Disputed to the extent it suggests that the quoted language pertains to all reasonable accommodation requests.  The quoted language is prefaced by the following introductory language: "*All other requests* for reasonable accommodation, including requests by applicants for employment and participants in Benton County services, programs, or activities, are to be made using the following procedure."  ECF 40-6 at BC 5707 (emphasis added).  There is a different section that applies to employees, entitled, "CURRENT BENTON COUNTY EMPLOYEES."  *Id.* (all caps in original).

15.    Dispute that Chief Guerrero "is the individual who decides reasonable accommodation issues for the Benton County Jail."  As Chief Guerrero testified, he reviews the accommodation requests, develops a game plan, and works with HR.  He also testified that others may be involved in the process including HR.  ECF 40-7 at 22:20-25; 23:1-12.  Otherwise, no dispute.

16.    Misstates testimony; the cited testimony relates to training on accommodation and whether Corrections was provided with any written protocol for the reasonable accommodation process.  ECF 40-7 at 25:21-26:25; 27:1-11.

17.    No dispute.

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 3
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

18.    No dispute.

19.    No dispute.

20.    No dispute.

21.    No dispute.

22.    Object to the extent it implies that the procedure provides that any question about fitness allows for and/or results in an IME.  Otherwise no dispute. ECF 40-8 at BC 000610.

23.    No dispute.

24.    No dispute.

25.    No dispute.

26.    No dispute.

27.    No dispute.

28.    No dispute.

29.    Object to the last sentence as being self-serving.  Otherwise, no objection.

30.    Objection.  More was discussed in the meeting than is written here. ECF 35-2 at pages 1-4.  Otherwise, no dispute.

31.    No dispute.

32.    No dispute.

33.    No dispute.

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 4
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

34.    No dispute.

35.    Dispute, "Neither Chief Guerrero nor Wyant offered any options to work with Gilmore for reasonable accommodations," to the extent it implies: (1) that there wasn't an interactive discussion among the group (*see* ECF 40-15 at p.1-27); and/or (2) that there were other reasonable accommodations available that were appropriate given Mr. Gilmore's restrictions and his "concern being my ability to push off" and "defense of myself."  ECF 34 at ¶7 (for reasoning re no modified assignment); ¶12; ECF 35-3 at 1:15-25.

36.    No dispute.

37.    No dispute.

38.    No dispute.

39.    No dispute.

40.    No dispute.

41.    No dispute.

42.    No dispute.

43.    No dispute.

44.    No dispute.

45.    No dispute.

46.    No dispute.

47.    No dispute.

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 5
Case No. 4:25-CV-05011-MKD

48.     Dispute that he "did not review any ADA law in the process of his investigation."  Mr. Morasch actually testified that:

Q. Okay. During your decision, sir, what research did you do with respect to ADA law, if any?

A. None.

Q. Do you have any knowledge about ADA?

A. A little bit. I mean, I'm aware of it. I know a little bit about it. I'm not going to claim to be an expert.

*See* ECF 40-19 at 29:10-16.

Otherwise, no dispute.

49.     No dispute.

50.     Dispute.  This self-serving statement is unsupported by any information that Benton County gave him and is an improper and incorrect legal conclusion.  *See e.g.,* ECF 34-16 at BC 930-939.  Object to the extent Plaintiff infers that "protected" means he couldn't be touched under any circumstance. Plaintiff's mistaken understanding is also immaterial to establishing his claims.

51.     No dispute.

52.     No dispute.

53.     Dispute to the extent Plaintiff uses the word "accommodate" to incorrectly infer that it was part of the "reasonable accommodation" process,

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 6
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

which conflates the issues. In answering the question, Mr. Wyant testified, "we moved it to when he was initially due to return to work." ECF 40-17 at 16:19-25.

54. Objection, misstates the testimony. The question wasn't whether the meeting was rescheduled in order to comply with the law. The question was whether rescheduling complied with the law, which it did. ECF 40-31 at 68:1-7.

55. No dispute.

56. No dispute.

57. No dispute.

58. No dispute.

59. No dispute.

60. No dispute.

61. No dispute.

62. No dispute.

63. Dispute to the extent "advised" is intending to imply that Mr. Morasch shared details of the interview which the cited testimony does not state. The cited language states in part "to let him know that I'm meeting with him." ECF 40-19 at 17:12-18:9. Otherwise no dispute.

64. No dispute.

65. No dispute.

66. No dispute.

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 7
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

67. No dispute.

68. No dispute.

69. No dispute.

70. No dispute.

71. No dispute.

72. No dispute.

73. No dispute.

74. Objection. Telehealth was not mentioned in the email. Otherwise, no dispute.

75. Object to the phrase "undue hardship." It is immaterial whether there was a hardship on the County in rescheduling the meeting as the purpose of the continuance has no materiality as to Plaintiff's ADA claim. Using that term here is an improper attempt to conflate and confuse the actual "undue hardship" for "reasonable accommodation" standards under the ADA/WLAD.

76. No dispute.

77. This is not entirely accurate. Plaintiff actually stated, "By scheduling this meeting during the time that I have been approved for Family Medical Leave, I believe my rights as an employee on FMLA are being violated." ECF 34-16 at BC 928.

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 8
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

78. Objection. This self-serving statement is contrary to Plaintiff's testimony that he refused to attend the meeting because he thought it was illegal to schedule it while he was on FMLA leave, which is what his lawyer had told the County. ECF 34-16 at BC 928; ECF 35-6.

79. Objection, the link was to EAP, not Telehealth. ECF 34-16 at BC 925. Otherwise, no objection.

80. No dispute.

81. Objection, the letter speaks for itself and this fact omits the part where the lawyer threatened the County employees with civil and criminal penalties for scheduling the meeting. ECF 35-6.

82. No dispute.

83. Objection. The letter speaks for itself and contains more text than is described here. ECF 35-7.

84. No dispute.

85. No dispute.

86. No dispute.

87. No dispute.

88. Objection. This is misleading and taken out of context. There is no evidence that Plaintiff was not allowed to attend the voluntary interactive May 17, 2024 meeting in-person. The evidence shows that Plaintiff requested to move the

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 9
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

meeting to a time after his FMLA at which time he would attend in person. *See* ECF 34-16 at BC 927 ("You know I live on a mountain with questionable internet. As this meeting can have huge impact on the terms of my employment up to an including "separation of employment" I believe it is to [sic] important for me not to be there in person. I am not refusing to attend. I just find it unreasonable to rush this.").

89.    No dispute that this was one of the reasons given.  Dispute that it was the only reason for not rescheduling the meeting.  ECF 40-17 at 18:15-19:4 (post-COVID remote environment); ECF 34-16 at BC 926 (reasonableness; "As this process and the initial scheduling of the meeting pre-date your FMLA request, this meeting is separate and apart from your need for FMLA leave."), 927 (attendance voluntary).

90.    No dispute.

91.    No dispute.

92.    Objection.  This is not accurate.  Plaintiff didn't attend because, as he testified, he took the position that the meeting was illegally scheduled because he was on FMLA leave.  ECF 36-1 at 101:16-102:3.  During his deposition: (1) did not identify any specific interference on May 17, 2024; and (2) Plaintiff testified that approximately 10 days earlier, he attended a remote work-related meeting that did not interfere with his ability to care for his wife.  ECF 36-1 at 101:25-102:3;

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 10
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

Second Bundy Dec. at ¶2 (Ex. 34 at 90:6-20; 91:24-92:3. Also, the union representative was his exclusive bargaining representative and was authorized by the CBA and law to represent his interests. Second Wyant Dec. at ¶11.

93.    Dispute as to "Chief Guerrero concluded that Gilmore could apply for other job" on the basis that it is incomplete. Chief Guerrero's letter actually concluded: "HR will be emailing you regular updates with open positions within the County." ECF 40-33 at p. 2.

94.    Objection to the extent it infers a policy violation and/or an inappropriate and/or inconsistent action taken against Plaintiff. As Chief Guerrero declared, he has taken similar action with respect to other employees. *See* ECF 34 at ¶29 ("Other employees who were unable to perform the essential functions of a position within Corrections, with or without accommodation, within a reasonable time were treated similarly to Mr. Gilmore. For example, I made the decision to medically separate a Juvenile Detention Supervisor when there was no alternative position and he could not perform the essential functions of the position, with or without accommodation, without undue hardship.").

95.    No dispute.

96.    Objection. While the letter says nothing about FMLA leave being extended, that is not material and to suggest that it is, is an improper legal

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 11
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

conclusion. Once terminated, Plaintiff was no longer entitled to FMLA leave. ECF 46 at 8:17-12:3.

97.    Objection. The facts that are claimed to be "omitted" are not material and to suggest that they are is an improper legal conclusion. As Mr. Wyant testified on the pages omitted by Plaintiff, Mr. Wyant provided an explanation as to why the information wasn't included. *See* Ex. 36 to Second Bundy Dec. at 94:3-23 ("Mr. Gilmore is the intended audience of the letter and has full context of information. The letter's addressed to him. He's the audience.").

98.    No dispute.

99.    No dispute.

100.    As to "reinstatement," the County said "reinstatement rights." ECF 40-35 at BC 904.

101.    No dispute.

102.    Objection. This is misleading because this was a general question and answer, every accommodation and leave situation is different, and Plaintiff's situation is unique in that the County informed Plaintiff that it was considering medical separation before he requested unrelated FMLA leave to care for his wife. ECF 47 at ¶¶4-5.

103.    No dispute.

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 12
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

Plaintiff's Motion for Partial Summary Judgment makes the following statements of fact that are not included in their Statement of Material Fact and should not be considered:

A.    "Morasch, who was supposed to be an independent decision-maker on the complaint, contacted Chief Guerrero and Wyant and told them about the interview." ECF 38 at 4:24-27.  Objection.  This statement is not in ECF 39 and it is immaterial.  It is also inaccurate because it suggests that Mr. Morasch acted improperly by contacting the Chief and Mr. Wyant and that this somehow shows that he acted with bias.

B.    "Chief Guerrero Refused To Comply with FMLA."  ECF 38 at 5:1.  Objection.  This statement is not in ECF 39.  It is also an improper legal conclusion and the Chief did follow the FMLA.  *See* Response to Plaintiff's Motion for Partial Summary Judgment, throughout, at ECF 46.

C.    "Apparently, Benton County's attorney was not aware of the fact that the FMLA forbids any type of interference with an employee's FMLA rights.  Nor was Benton County's attorney apparently aware of the fact that Benton County admitted that it had moved the interactive meeting the first time to May 17, 2024, because FMLA required it to be rescheduled to a time after the employee returned from FMLA." ECF 5:21-27.  Objection.  These claimed "facts" are not in ECF 39.  Also, the statement contains multiple legal conclusions that are not facts and which

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 13
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021

are legally incorrect. *See e.g.,* Response to Plaintiff's Motion for Partial Summary Judgment at ECF 46 at 8:7-10:2. First, not rescheduling the meeting to after Plaintiff's return to work did not interfere with his FMLA rights. *Id*. at 16:1-17:16. Second, the first rescheduling of the meeting "was not required to be rescheduled to a time after the employee returned from FMLA." *Id*. at 8:7-17, 16:1-18:2. Third, Ms. Smith could not be "unaware" of the incorrect legal conclusion stated.

DATED:  January 7, 2026

By: *s/ Elena C. Bundy*
    Elena C. Bundy, WSBA #38836
    Kristofer J. Bundy, WSBA #19840
    Bundy Law Group, PLLC
    424 W. Bakerview Rd., Ste. 105 #2054
    Bellingham, WA 98226
    Phone: (206) 518-3021
    E-mail: elena@bundylawgroup.com
    *Attorneys for Defendant*

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 14
Case No. 4:25-CV-05011-MKD

Certificate of Service

I hereby certify that on January 7, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.

*s/ Kristofer Bundy*
Kristofer Bundy, WSBA #19840
Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
Phone: (206) 518-3021
E-mail: elena@bundylawgroup.com
*Attorney for Defendant*

DEFENDANT'S STATEMENT OF DISPUTED
MATERIAL FACTS - 15
Case No. 4:25-CV-05011-MKD

Bundy Law Group, PLLC
424 W. Bakerview Rd., Ste. 105 #2054
Bellingham, WA 98226
(206) 518-3021