HON. MARY K. DIMKE

WILLIAM C. SCHROEDER, WSBA #41986
ANNE K. SCHROEDER, WSBA #47952
WILLIAM J. SCHROEDER, WSBA #7942
**KSB LITIGATION, P.S.**
510 W. Riverside Ave., Ste 300
Spokane, WA, 99201
wcs@ksblit.legal
aschroeder@ksblit.legal
william.schroeder@ksblit.legal
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| HUBERT GILMORE,<br><br>                    Plaintiff,<br><br>vs.<br><br>BENTON COUNTY, a Washington Political entity,<br><br>                    Defendant. | No. 4:25-CV-5011<br><br>**PLAINTIFF'S MOTION TO STRIKE AND FOR SANCTIONS UNDER RULE 37(c)(1)**<br><br>[ECF 67]<br><br>02/06/2026<br>**With Oral Argument** |

# MOTION

Pursuant to Rule 37(c)(1), Plaintiff Hubert Gilmore, by and through his attorneys, moves the Court for an order striking four of the exhibits Defendant filed with its Reply brief in support of its motion for summary judgment. In violation of Rule 37(c)(1), the documents were not provided in Initial Disclosures or in any supplementations thereafter. Pursuant to Rule 37(c)(1), Plaintiff requests that the Court grant the following relief:

Motion to Strike - 1

1. Strike Defendant's following exhibits: Response to Resistance Review [ECF No. 63-2], Supervisor Report [ECF No. 63-3], Video Link [ECF No. 63-4] attached to the Declaration of Robert Guerrero [ECF No. 63] and Record of Interview [ECF No. 64-1] attached to the Declaration of Elena Bundy [ECF No. 64] pursuant to Rule 37(c)(1);

2. Strike any reference to those documents in Defendant's Reply Brief (3:8-15; 5: 14-16) [ECF No. 62] and Reply Statement of Undisputed Facts (6:14-16; 9:3-6; 10:23; 11:1-2, 11-15; 23:21-23; 24:1-9; 26:2-5, 14-18; 34:21-23; 62:16-21) [ECF No. 65];

3. Pursuant to Rule 37(c)(1), the Court order that the above described documents cannot be used on a motion, at a hearing, or at trial; and

4. That the Court order any additional relief set forth in Rule 37(c)(1) that the Court finds just and equitable.

## FACTS

**A. Procedural Background.**

On December 24, 2024, Plaintiff filed his Complaint in State Court alleging, among other things, an ADA violation. [ECF No. 1] On January 27, 2025, Defendant removed the case to federal court. [ECF No. 1] On February 3, 2025, Defendant files its answer and affirmative defenses. [ECF No. 8] On February 19, 2025, the Court issued a Jury Trial Scheduling Order. [ECF No. 13]

On March 3, 2025, Defendant provided Initial Disclosures. (Declaration of William J. Schroeder ¶4) On June 10, 2025, Defendant provided supplemental Initial Disclosures. (Id.) On June 23, 2025, Defendant provided corrected

Motion to Strike - 2

supplemental Initial Disclosures. (Id.) On September 8, 2025, Defendant provided supplemental Initial Disclosures. (Id.) On October 1, 2025, Defendant provided its supplemental Initial Disclosures. (Id.)

### B. The Hearing Date Was Reserved Approximately Four Months Prior To The Scheduled Hearing.

On October 13, 2025, at the request of the parties, the Court reserved February 6, 2026, for a hearing on the cross-motions for summary judgment that the parties indicated would be filed. (Id. at ¶5) As a result, the Defendant knew that Initial Disclosures would need to be timely supplemented if it intended to use any previously undisclosed documents to support its motion for summary judgment. As referenced above, Defendant last supplemented on October 1, 2025. (The last time Defendant supplemented answers to discovery was on November 17, 2025. However, the four (4) exhibits at issue were never disclosed in discovery.) (Id. ¶4)

### C. Defendant's Motion For Summary Judgment.

On December 17, 2025, Defendants filed its motion for summary judgment dismissing all of Plaintiff's claims and included thirty-three exhibits. (Id. at ¶6) [ECF No. 37] On January 6, 2025, Plaintiff filed his response to Defendant's motion for summary judgment based upon the arguments and documents set forth in Defendant's motion. (Id. at ¶7)

### D. Defendant's Reply Brief Included Four Previously Undisclosed Documents.

On January 21, 2026, Defendant filed its Reply brief in support of its motion for summary judgment. In its Reply, Defendant filed four (4) exhibits, which had

Motion to Strike - 3

never been provided to Plaintiff in Defendant's Rule 26 Initial Disclosures (they were also not provided in response to Plaintiff's discovery requests). (Id. at ¶8) The four (4) undisclosed exhibits submitted for the first time in Defendant's Reply brief, are as follows: 1) Response to Resistance Review (02/10/2022) [ECF No. 63-2], 2) Supervisor Report (09/08/2018) [ECF No. 63-3], 3) Video Link (09/08/2018) [ECF No. 63-4] attached to the Declaration of Robert Guerrero [ECF No. 63] and 4) Record of Interview (10/10/2024) [ECF No. 64-1] attached to the Declaration of Elena Bundy [ECF No. 64]. (Id. at ¶9) Each of these documents were included in Defendant's Reply Statement of Material Facts. (6:14-16; 9:3-6; 10:23; 11:1-2, 11-15; 23:21-23; 24:1-9; 26:2-5, 14-18; 34:21-23; 62:16-21) [ECF No. 65] They were also included in the argument portion of Defendant's Reply brief. (3:8-15; 5: 14-16) [ECF No. 62]

## ARGUMENT

### A. The Purpose Of Initial Disclosures Is To Eliminate Surprise And Trial By Ambush.

The purpose of Initial Disclosures is that the parties should be put on notice of factual and legal contentions by the opposing party, and Initial Disclosures eliminate surprise and trial by ambush. *See Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843, 86-63 (9th Cir. 2014).

Rule 26(a) requires a party to provide a copy of all documents it may use to support its claims or defenses. Rule 26(a)(1)(A)(ii). A party must make this disclosure on information that is reasonably available and is not excused from making its disclosure because it had not fully investigated the case. Rule 26(a)(1)(E).

Motion to Strike - 4

## B. Rule 37(c) "Gives Teeth" To Initial Disclosures Requirements.

Rule 37(c)(1) states that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Rule 37(c)(1). "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Rule 37(c)(1) was implemented in the 1993 amendments and is a recognized broadening of the sanctioning power. *Id.* The Advisory Committee Notes describe it as a "self-executing," "automatic" sanction to "provide[ ] a strong inducement for disclosure of material...." *Id.* citing Rule 37 advisory committee's note (1993). The use of the sanction has been upheld even when a litigant's entire cause of action or defense has been precluded. *Id.*

The two exceptions to the rule are if the party's failure to disclose the required information is substantially justified or harmless Rule 37(c)(1). Rule 37(c)(1). Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness. *Yeti*, 259 F.3d at 1107.

## C. Defendant's Use Of The Four Undisclosed Documents Is Not Substantially Justified Or Harmless.

Defendant has been in possession of most of the four undisclosed documents for years (two dating back to 2018). Plaintiff has maintained that he was capable of the positions of B Control, C Control, Second Floor Rover, Third

Motion to Strike - 5

Floor Rover, or Master Control since November 14, 2022. [ECF No. 34-3] On September 5, 2025, Defendant deposed Plaintiff who testified that he could do those positions because it is not a position that would put you in a confined cell with a spontaneous situation of inmate attack. [ECF No. 53] Accordingly, Defendant has been aware of Plaintiff's position since November 14, 2022, and at the latest his deposition on September 5, 2025 (four months prior to discovery cut-off). Nevertheless, it appears Defendant chose to withhold the undisclosed documents until its Reply brief. As a result, Defendant has no substantial justification for not providing the four (4) documents in initial disclosures that it relied upon in its Reply Brief. See Rule 26(e) (not investigating is not an excuse).

Moreover, Defendant's failure to disclose the four exhibits is not harmless. Defendant relies upon these documents as support for its motion for summary judgment to dismiss Plaintiff's claims. Defendant filed the undisclosed documents in its Reply, depriving Plaintiff of the opportunity to rebut the evidence in its Response. Accordingly, Defendant's failure to disclose the four documents is not harmless.

**D. Defendant's Action Has Prejudiced Plaintiff, And The Undisclosed Documents Should Be Stricken.**

Defendant's failure to comply with Rule 26 and the Court's Jury Trial Scheduling Order concerning initial disclosures has prejudiced Plaintiff in the following two ways: 1) Plaintiff has been deprived of the opportunity to engage in discovery on the undisclosed documents; and 2) as the undisclosed documents were in Defendant's Reply brief, Plaintiff has no opportunity under the Rules to file a sur-reply to address the undisclosed documents.

Motion to Strike - 6

As general rule, a "movant may not raise new facts or arguments in his reply brief." *United States v. Puerta*, 892 F.2d 1297, 1300 n.1 (9th Cir. 1992). The court need not consider arguments raised for the first time in a Reply brief. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) Doing so "essentially prevents [the non-moving party] from providing any response." *Wood v. Household Finance Corp.*, 341 BH.R. 770, 773 (W.D. Wash. 2006). For example, in *Cascade Yarns*, the court struck a webpage that was not disclosed during discovery but instead was presented for the first time on reply. *Cascade Yarns, Inc. v. Knitting Fever, Inc.*, WL 11881033, at *3 (W.D. Wash. Apr. 14, 2014)

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion to strike and for Rule 37(c)(1) sanctions.

KSB LITIGATION, P.S.

Dated: January 27, 2026

By: *s/William J. Schroeder*
William J. Schroeder, #7942
Anne K. Schroeder, #47952
510 West Riverside Ave., #300
Spokane, Washington, 99201
william.schroeder@ksblit.legal
aschroeder@ksblit.legal
Attorneys for Plaintiff

Motion to Strike - 7

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 27th day of January, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies recipients of electronic notice. I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

[none]

                                    /s/ *William J. Schroeder*
                                    William J. Schroeder

Motion to Strike - 8